FORRESTER, District Judge,
concurring in part and dissenting in part:
I respectfully dissent from the opinion of the majority in the action against Deputy Slaton.
To the recitation of the facts by the majority, I would add that Deputy Slaton had dealt with the deceased before without any major problem and that the shooting occurred in a fairly rural area several miles from Florence, Alabama.
As I understand the law, the use of deadly force is reasonable only where there is a serious threat of imminent or immediate physical harm to the officer or others. See, e.g., Tennessee v. Garner, 471 U.S. 1, 11-12, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); Beshers v. Harrison, 495 F.3d 1260, 1266-67 (11th Cir.2007); Robinson v. Arrugueta, 415 F.3d 1252, 1256-57 (11th Cir.2005); Vaughan v. Cox, 343 F.3d 1323, 1330 (11th Cir.2003); McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1246 (11th Cir.2003). I can find no arguable probable cause for such a belief in this case. To be sure, with the deceased in possession of a patrol car, the outcome of these events is uncertain, but the possibility that a nonviolent fleeing felon will later pose a threat of physical harm to others is remote and highly speculative.
I do not believe that this officer is entitled to qualified immunity either. Vaughan provides notice that seizing a fleeing felon in a vehicle by shooting him is unreasonable. Although there are differences between that case and this, Vaughan is not “fairly distinguishable.” See Vinyard v. Wilson, 311 F.3d 1340, 1351-53 (11th Cir.2002). In Vaughan, the truck was northbound on 1-85 between Newnan and Atlanta traveling at speeds exceeding eighty miles per hour. At one point it rammed a police vehicle which was attempting a rolling roadblock. These facts present circumstances more fraught with immediate threat than those in the instant case, and this court determined that a jury could find that the officers in Vaughan violated the suspect’s Fourth Amendment rights and were not entitled to qualified immunity.[1]

. I concur in the majority opinion’s determination that the plaintiffs have failed to state a claim against Sheriff Ronnie Willis.